# Street *v.* Silver.

[NOVEMBER 24, 1846.]

Where one guaranties the payment of a sum of money, on a day certain, the creditor, when the period arrives, may sue on the contract of guarantee, without pursuing the principal debtor.

If a patentee be not the first or original inventor, in reference to all the world, his patent is void, even if he had no knowledge of the previous use or description of the invention. And the law is the same as to an improvement.

An improvement, to entitle the inventor to a patent, must be not only new, but useful. And mere colourable or slight improvements cannot affect the rights of the original inventor.

The use of different terms or names to substantially the same thing, will not validate a patent for an improvement; nor will the change of the form or position of any machine, or composition of matter, or an alteration of the quantity or proportion of the materials, destroy the rights of the original patentee.

If the specification includes as well the original discovery as the alleged improvement, and does not point out in what the improvement consists, the patent is void.

THE facts of this case sufficiently appear in the charge of the court.

*M'Laughlin* and *F. W. Hubbell*, for plaintiff.
*Perkins* and *Mallery*, for defendant.

ROGERS, J., charged the jury as follows:—This is an action to recover the amount due on a contract dated the 16th March, 1844, entered into between Gideon G. Palmer and the plaintiff, John Street. By the agreement, Palmer, in consideration of a transfer or assignment of the plaintiff's right to a patent dated the 21st November, 1843, for an improvement in the manufacture of an artificial writing slate, agreed to pay to Street the sum of five thousand dollars, viz. three hundred dollars in hand, and four thousand

[ Street *v.* Silver. ]

seven hundred dollars in one year from the date, viz. the 16th March, 1845.

The improvement consists in the application of a silicious composition to wood, for the purpose of forming a wooden writing slate. The patent is for a wooden writing slate of a variety of colours, formed by the application of the composition (particularly specified and described) to a smooth surface of wood of any desired size or thickness.

To the action, which is against the defendant who guarantied the payment of the unpaid purchase money, the defendant pleads *non assumpsit,* payment and set-off, with leave, &c. To support the action, the plaintiff gave in evidence the patent, dated the 21st November, 1843; an agreement dated the 16th March, 1844, between Street and Palmer, and the guarantee, of the same date, for the payment of the consideration money by the present defendant, Joseph S. Silver; and an assignment of the patent, of the same date, to Palmer. And, after proving a demand on Palmer and Silver, to perform their contract, and a refusal by them to pay, rested his case.

If this was the only proof in the case, there is no doubt the plaintiff would be entitled to a verdict. Whether the defendant made a good bargain or a bad one is of no sort of consequence. We leave the parties to make their own contract, and in the absence of any thing like fraud and imposition, (which is not pretended) all you would have to do would be to compel the defendant to perform his part of the contract in good faith. It would be your duty to render a verdict for the plaintiff, for the sum of four thousand seven hundred dollars, with interest from the 16th of March, 1845; for, I instruct you, that in order to sustain this suit, it is not necessary that suit should have been previously brought and prosecuted to judgment against Palmer. This cause is to be tried in the same manner as if the suit had been brought against the principal instead of the surety.

But the defendant denies the right of the plaintiff to re-
cover, because, as he says, there is no consideration for
the contract.   He contends there is no novelty in the in-
vention, no improvement whatever in the manufacture of
artificial slates.   That, in truth, no patent ought to have
been granted, because it was neither an original invention,
nor an improvement on an invention before known.   The
patent is *primâ facie* evidence in favour of the plaintiff; the
burden of proof is thrown upon the defendant : he must
satisfy you that the improvement claimed in the patent is
not new, or is not useful.

In reference to the points of law, there is no difficulty
whatever.   According to the law in this country, if the
patentee be not the first or original inventor, in reference
to all the world, he is not entitled to a patent; even al-
though he had no knowledge of the previous use or pre-
vious description of the invention.   The law presumes he
may have known of it.   It cannot be pretended that the
manufacture of artificial slates is an original invention of
Mr. Street; nor do I understand that he contends he made
an original invention, but that it is an improvement in the
manufacture of articles already known.   But whether it be
an original invention or an improvement, the law, as to
his right to a patent, is the same; for, any person being a
citizen of the United States, and any alien who, at the
time of his application, shall be a resident of the United
States, and who shall have invented any new and useful
art, machine, manufacture, *composition of matter*, or any
new or useful improvement in the same, *not known* or used
before the application, is entitled to a patent.   He is en-
titled to the benefit of his improvement, although not to
the use of the original invention; nor has the inventor the
right to use his improvement.

That a process was known and in successful practice,
for making artificial slates, in Germany, as early as 1812,
we cannot doubt.   It also appears that an analysis and

publication was made of the invention, in the literary and scientific journals of France, in the year 1832; and it was also known in the United States. The usual method seems to have been by an application of a certain composition described to you, to pasteboard, or to a combination of wood and pasteboard. If you are to believe the witnesses, Messrs. Mentz and Luch, this composition has been applied directly to wood, certainly as early as 1841. If Mr. Luch's testimony is entitled to regard, pasteboard has been substituted for wood, because it was found by experience to make a better article.

The patent is for a wooden writing slate of a variety of colours, formed by the application of the composition to smooth surfaces of wood of any desired size and thickness. The present patent, being of wood, would seem, if you credit the witnesses, to be neither novel nor useful, and therefore, on that ground alone, the plaintiff would not be entitled to a patent. The improvement must not only be new, but useful: in both particulars it is deficient. It would seem, from the patent, that what the patentee claims as his invention or discovery, is the application of a silicious composition to wood, for the purpose of forming a wooden writing slate. But whether this be new, or an improvement, will be for the jury to determine. Forming a variety of colours would appear to be of no sort of consequence; that would be a very small operation, which would not of itself entitle the plaintiff to a patent.

But, it is said there is an improvement in the composition of the matter of which the slate is composed; if so, the plaintiff is entitled to a patent. If the materials of which it is composed are different—a different combination or compound—your verdict must be in favour of the plaintiff. Mere colourable or slight improvements cannot affect the rights of the original inventors; although the jury will recollect, that it does not depend on the degree of the improvement; for the question is, is it a *useful* im-

[ Street *v.* Silver. ]

provement? But, if you should be of opinion, that the materials which enter into the composition are substantially or essentially the same, then the verdict must be for the defendant: it must be a substantial, material improvement; mere colourable or slight improvements cannot affect a person's rights. In that case, the patent would be worthless, and the defendant is not bound to pay unless he receives some equivalent. The defendant is not bound for moonshine. On this point of the case, you will inquire of what materials the German and American articles are composed. Is the groundwork of both substantially the same? that is, is each composed of silex, lampblack and linseed oil? are these the principal ingredients of which each of the compositions is formed? If they are, then it is no improvement for which a patent can be granted; the patent is void.

Any different terms or names to substantially the same thing, will not validate the patent. As it must be a substantial, useful improvement, it follows, that simply changing the form or position of any machine or composition of matter, is not a discovery within the statute. Nor will it be so, that different materials are used in a composition to produce precisely the same result. It is not every alteration or change in the quantity or quality of a composition which will entitle a person to a patent. For, if it would, the original patent would be worthless, for all that would be necessary would be to change the proportion to destroy the right of the patentee. The question is not whether the compositions are identical, but are they substantially the same? This is a question of fact, which the jury must decide. The question is, whether the patentee is the inventor of a substantial and essential improvement in the mode of making artificial slates; if he is, the plaintiff is entitled to a verdict for four thousand seven hundred dollars, with interest from the 16th of March, 1845; if he is not, the verdict will be for the defendant.

[ Street *v.* Silver. ]

But the plaintiff contends that he is entitled to a verdict, because, whatever may have been the fact of the original invention, the patentee, Street, believed himself to be the original discoverer or inventor of the thing thus patented, and that it has not appeared that the same, or any substantial part thereof, had before been patented or described in any foreign publication. That although the composition may have been applied to wood, yet no application has been made of it in any printed publication. Now, admitting that the power in the act of congress applies to improvements, and is not confined to an original, and I instruct you it does, yet the testimony, if believed, proves that the application to wood is not an improvement, but renders the article of less value, for reasons, of which you will judge, given by the witnesses.

It is the opinion of the court, that the substitution of wood, instead of pasteboard, is not such an improvement as entitles a person to a patent. If this be so, whether used in this country before 1843, would seem to be immaterial. If the materials of which the composition is formed are the same, a substantial part has been described in a printed publication.

It is the law that the patentee is entitled to no more than his improvement. If, therefore, the inventor of an improvement obtain a patent for the entire machine or composition, and the new and old discoveries are incorporated in his specification, the invention is neither novel nor his own. The patent being broader and more extensive than the invention, and the patentee claiming thereby things which are the invention and property of others, it is totally void. The invention must be substantially new, and the specification must point out the improvement of the patentee, so as to show in what the improvement consists. This is law, but it does not strike me that the specification is so defective in this particular, although not very precise, as that I should be justified in pronouncing as a matter of

[ Street *v.* Silver. ]

law, that the patent was null and void. What the patentee has described and desires to secure by the letters patent, is a wooden writing slate, of a variety of colours, formed by the application of the composition described to smooth surfaces of wood of any desired size and thickness. This is a specification which will support the patent issued.

The only question which you will have to decide, is, whether the patentee has made a substantial, material improvement of an article known and used before the date of his application for a patent. If you believe he has, find for the plaintiff; otherwise, render a verdict for the defendant. If you believe that the improvement is new and useful, find for the plaintiff; if otherwise, find for the defendant. There is no middle course; the plaintiff is entitled to the whole amount claimed, or nothing.

It is not my intention to express any opinion on the question. It is however my duty to say to you, that, on a question of this kind, the opinion of scientific and practical men is entitled to great weight, although by no means conclusive. At the same time, you will recollect, that the burden of proof is thrown upon the defendant.

Verdict for defendant.